Saul **STAMBLER**, Rose Stambler, Empire Park, Inc. (a defunct corporation), Empire Park, Inc. and Prudential Operating Co., Inc., Plaintiffs,

v.

John J. **DILLON**, Title Guarantee Co., Peter Wasylec, Marcy Finke, George B. Gordon, David Avstreih, Leonard Weiss, John J. O'Malley and County Dollar Corporation, Defendants.

No. 68 Civ. 537.

United States District Court
S. D. New York.
July 12, 1968.

Saul Stambler, Rose Stambler, pro se on behalf of themselves and the Corporate plaintiffs.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for defendant John J. Dillon; Mortimer Sattler, Asst. Atty. Gen., of counsel.

McGOHEY, District Judge.

The defendant John J. Dillon, a justice of the New York Supreme Court, Westchester County has moved pursuant to clauses (1), (2) and (6) of Federal Civil Rule 12(b) to dismiss the complaint for lack of both subject matter and personal jurisdiction and for failure to state a claim upon which relief may be granted; and pursuant to Rule 56(b) for summary judgment in his favor. An op-

posing affidavit of Saul Stambler, factual matters in his brief and papers heretofore filed herein in this Court having been received and considered on this motion, it is treated and disposed of as provided in Rule 56.

The complaint, which is far from a model of concise pleading, asserts in paragraph FIRST that the Court's jurisdiction "arises under Title 28 U.S.C., Sections 1331, 1332 and 1343; Title 42 U.S.C., Sections 1981, 1982, 1983, 1985, 1986; 2201 and 2202 (sic). The Constitution of the United States and in particular the Fifth, Sixth, Seventh, Eighth, Thirteenth and Fourteenth Amendments thereto." Sections 2201 and 2202 of Title 42, which prescribe the powers of the Atomic Energy Commission, have no application to the subject matter of this action. However, since it is clear from the prayer for relief that the pleader intended to assert jurisdiction under the similarly numbered sections of Title 28, which authorize declaratory judgments, paragraph FIRST will be deemed amended accordingly.

The plaintiffs were the unsuccessful parties in three related civil actions which by order of Justice Dillon were tried together before him. The defendants, other than he, were the successful parties, their trial counsel, a trial witness and others alleged to have participated in certain real estate transactions which were the subject matter of those actions. Claiming that the plaintiffs' defeat in the State Court resulted from a conspiracy among Justice Dillon acting under color of law and the other defendants to deprive the plaintiffs of their property without due process of law, equal protection of the laws and other constitutional and statutory rights, the complaint seeks a judgment declaring the State Court judgment null and void and an injunction restraining all the defendants from enforcing it; and from "impeding, intimidating, hindering and preventing the plaintiffs from exercising the rights, privileges and immunities guaranteed to them by the Constitution and Laws of the United States." It also

seeks damages of $500,000 from all the defendants other than Justice Dillon.

Paragraph SECOND sub. par. 9 of the complaint alleges that Justice Dillon is included as a co-defendant "to establish his part in the conspiracy which is the subject of this action and to give the Court jurisdiction over the acts which are in violations (sic) of the plaintiffs' rights, privileges and immunities, to give the Court the power to halt and enjoin said acts of the conspiracy to mitigate the damage to these plaintiffs." The acts by which it is alleged Justice Dillon furthered the conspiracy are, as set forth in paragraphs FOURTEENTH through TWENTY-FOURTH, that in July 1964, over the plaintiffs' objection, he consolidated the State Court actions for trial before himself during the following September; that on September 25 he denied the plaintiffs' motion for adjournment and during the trial favored their adversaries by his rulings on evidence and by his final decision, a copy of which marked exhibit B is annexed to and made part of the complaint; that by his decision, though lacking jurisdiction to do so and in the absence of an indictment, he "convicted" Saul Stambler of fraud and deceit; imposed "involuntary servitude" on him and subjected the plaintiffs to "harsh and shameful punishment."

The State Court actions arose out of the defendant Wasylec's efforts under pressure of time to acquire title to a portion of a gore running through a large parcel of real property he was under contract to sell. He ultimately acquired title to the needed piece for $15,000 from Saul Stambler who, under circumstances stated in Justice Dillon's decision, had acquired it only shortly before at a much lower price. In the first of the State Court actions Wasylec sued to recover the $15,000. Justice Dillon concluded that Saul Stambler had practiced fraud and deceit on his vendors and, therefore, should not be permitted to profit by his wrong. Saul Stambler claims this denied him due process in violation of the Fourteenth Amendment and constituted his "conviction" of a crime, while denying him his right to have the evidence against him considered by a grand jury and also his right to a public trial by a jury of his peers, all in violation of the Fifth and Sixth Amendments. Justice Dillon awarded Wasylec $12,000, allowing Stambler and his associates to retain $3,000 for their expenses and his services in locating his vendors and acquiring their title. Saul Stambler claims this deprived him of his property without due process in violation of the Fourteenth Amendment and also subjected him to "involuntary servitude" in violation of the Thirteenth Amendment since, he contends, he never agreed to work for Wasylec. It may be that this is also the "harsh and shameful punishment" referred to above and constitutes the claimed violation of the Eighth Amendment. It is not clear just how it is claimed the Seventh Amendment was violated.

Judgment on Justice Dillon's decision was entered on April 22, 1965, and affirmed by the Appellate Division, Second Department on June 12, 1967.[1] An appeal to the Court of Appeals was dismissed on November 2, 1967.[2] The notice of appeal stated that the appellants were "relying solely upon the questions directly involving the provisions of Article 1, Sections 1, 5, 6, 7 and 11 of the Constitution of the State of New York and Amendments Fifth, Thirteenth and Fourteenth, Sec. 1 of the Constitution of the United States and Title 42 Sec. 1994 of the United States Code, * * *." Chief Judge Fuld's order of dismissal states its ground to be "that no constitutional question is involved."[3] The plaintiffs, as far as appears, did not seek Su-

1. Wasylec v. Stambler, 28 A.D.2d 825, 282 N.Y.S.2d 465 (App.Div.1967).

2. 20 N.Y.2d 893 (1967).

3. The notice of appeal and order of dismissal are incorporated in an affidavit by the defendant Leonard Weiss filed on March 5, 1968, in opposition to the plaintiffs' motion for a preliminary injunction. This was denied by Judge Herlands whose order, entered March 28, 1968, is the subject of a pending appeal by the plaintiffs.

preme Court review. They commenced the instant action on February 8, 1968. The complaint was filed by an attorney who, it is alleged, has since withdrawn. The action is now being prosecuted by the Stamblers in person.[4]

The court clearly has jurisdiction of the action as against Justice Dillon under section 1343 of Title 28 U.S.C. Accordingly, it is unnecessary to consider whether as against him jurisdiction also exists under sections 1331 and 1332 of that title as alleged in the complaint. The question remains whether the complaint states any claim against Justice Dillon on which relief may be granted and again it is clear it does not.

Initially it should be noted that the Attorney General's reliance on the doctrine of judicial immunity is misplaced. Pierson v. Ray[5] and Morgan v. Sylvester[6] which he cites were both actions seeking money damages. No damages are sought to be recovered from Justice Dillon and the doctrine does not preclude the grant of injunctive relief against a judge in a proper case.[7]

Sections 1981 and 1982 of Title 42 U.S.C. both provide for equality of rights regardless of color. Here it is neither alleged nor shown that Justice Dillon discriminated against any plaintiff because of color. Accordingly, the complaint fails to state a claim against Justice Dillon on which relief may be granted under either of these sections.[8]

Section 1986 which grants only an action for damages, likewise affords no basis for a relievable claim since no claim for damages is asserted against Justice Dillon.

There remains to be considered the claimed conspiratorial deprivation of the plaintiffs' rights by Justice Dillon. Whether such a claim may be laid under sections 1983 and 1985 of Title 42 need not be decided here for in any event the complaint fails to allege sufficient facts to show that Justice Dillon was part of any such conspiracy if one existed.[9] The complaint does no more than charge Justice Dillon in the most general terms with participation in the alleged conspiracy. This is not enough.[10] Apart from the allegations which will be considered later that Saul Stambler was "convicted" and subjected to "involuntary servitude," the complaint shows only that the judge performed the normal duties of his office in the trial and decision of the issues in a strongly contested litigation.

The claims of "conviction" and "involuntary servitude" are, as the complaint on its face shows, frivolous and must be disregarded.[11]

The motion, treated as one for summary judgment, is granted.

Summary judgment dismissing the complaint against the defendant John J. Dillon may be entered forthwith, since there is no just reason for delay.[12]

---

4. Saul Stambler's affidavit in opposition to the instant motion.

5. 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966).

6. 125 F.Supp. 380, Aff'd. 220 F.2d 758, Cert. denied 350 U.S. 867, 76 S.Ct. 112, 100 L.Ed. 768, rehearing denied 350 U.S. 919, 76 S.Ct. 201, 100 L.Ed. 805 (1960).

7. See United States v. Clark, 249 F.Supp. 720, 727 (S.D.Ala.1965).

8. Agnew v. City of Compton, 239 F.2d 226, 230 (9th Cir. 1957).

9. See Powell v. Workmen's Compensation Board of the State of New York, 327 F.2d 131, 137 (2 Cir. 1964).

10. Id.

11. See Jemzura v. Belden, 281 F.Supp. 200 (N.D.N.Y.1968).

12. Rule 54(b) Federal Rules of Civil Procedure.