**John D. DAVIS, Plaintiff,**

v.

**OKLAHOMA DEPT. OF CORRECTIONS, Warden, O.S.R., Defendants.**

**No. CIV–80–131–D.**

United States District Court, W. D. Oklahoma.

Aug. 21, 1980.

John D. Davis, pro se.

Joe Glenn, Staff Atty., Dept. of Corrections, Oklahoma City, Okl., for defendants.

### MEMORANDUM OPINION

DAUGHERTY, Chief Judge.

The plaintiff, a state prisoner, has filed a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 in which he states that the State of Oklahoma is liable for his condition of blindness from ingestion of methanol alcohol arising from the following facts:

"Inmate Charles Hiskey # 69469, smuggled the methanol in to the institution through the west gate and sold it to several inmates including myself, telling us that it was ever clear grain alcohol. We drank it and became very ill and I was left legally blind as a result of the methyl alcohol. The damage it caused to my eyes is irreverseable [sic]. I was declared legally blind and it has been announced on the local radio news that I was left legally blind as a result of my drinking this methanol.

Also, I have recieved [sic] no further medical aid since my return from the hospital at Oklahoma City."

In keeping with the guidelines and rationale stated in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *Robinson v. Benton*, 579 F.2d 70 (10th Cir. 1978), an investigative report has been filed indicating that a number of inmates at the Oklahoma State Reformatory, Granite, Oklahoma consumed the methanol alcohol and were hospitalized. The investigation indicates the alcohol came from the farm area where said Charles Hiskey and the plaintiff were assigned and that security has been increased at the farm building where chemicals were stored. Said report further reveals that plaintiff has been seen by the medical staff on nine occasions in January and February and was scheduled for an eye appointment on February 28, 1980 at Central State Hospital. Upon preliminary review of this case the Court finds and concludes as follows:

■ 1. The Court's review of this action reveals that the primary issue is one of law pertaining to the jurisdiction of the Court. Under the jurisdictional counterpart of § 1983, 28 U.S.C. § 1343(3), a civil action must be both authorized by law and brought to redress the deprivation of rights secured by the Constitution or by an act of Congress providing for equal rights. A claim is cognizable under § 1983 upon appropriate allegations that the defendant was acting under color of state law, and further that there is a demonstrated violation of a specific constitutional right guaranteed to the plaintiff aside from a mere tort. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 618, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979); *Prebble v. Brodrick*, 535 F.2d 605, 617 (10th Cir. 1976); *Hatch v. Goerke*, 502 F.2d 1189, 1192 (10th Cir. 1974); *Aasum v. Good Samaritan Hospital*, 542 F.2d 792, 794 (9th Cir. 1976).

2. In a recent case the Court of Appeals described the parameters of a § 1983 case involving tort liability as follows:

"Although a § 1983 claim has been described as a 'species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417 [96 S.Ct. 984, 988, 47 L.Ed.2d 128] (1976) it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute. *Martinez v. California*, 444 U.S. 277 [100 S.Ct. 553, 62 L.Ed.2d 481] (1980). To hold otherwise would render § 1983 and the Fourteenth Amendment to the United States Constitution a 'font of tort law to be superimposed upon whatever system may already be administered by the states.' *Paul v. Davis*, 424 U.S. 693, 701 [96 S.Ct. 1155, 1160, 47 L.Ed.2d 405] (1976)."

*Norton v. Liddel*, 620 F.2d 1375 (10th Cir. 1980); also see *Havas v. Thornton*, 609 F.2d 372, 374 (9th Cir. 1979).

■ The substance of plaintiff's claim herein arising from the institutional environment is to be tested under the Eighth Amendment's unconstitutional punishment provisions. Since the plaintiff's general and unspecific allegations only involve an omission to act, § 1983 liability requires a showing of exceptional circumstances and conduct so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to basic fairness. *Clappier v. Flynn*, 605 F.2d 519, 533 (10th Cir. 1979). In consideration of the named individual defendants, Warden and the Chief of Security, in connection with the allegations of the complaint, it appears that any liability arises only from their supervisory duties and no affirmative link has been shown between their omissions, if any, and the circumstances giving rise to the claim. In fact, the plaintiff alleges only that another

inmate smuggled the methanol alcohol into the institution. *Rizzo v. Goode*, 423 U.S. 362, 375–376, 96 S.Ct. 598, 606, 46 L.Ed.2d 561 (1976); *McDonald v. State of Illinois*, 557 F.2d 596, 601–602 (7th Cir. 1977), cert. denied, 434 U.S. 966, 98 S.Ct. 508, 54 L.Ed.2d 453 (1977). In an analogous proceeding, the Court found no Eighth Amendment violation from a slip on greasy stairs in the institution where the injury was a simple tort and not cruel and unusual punishment or deliberate indifference. *Tunstall v. Rowe*, 478 F.Supp. 87 (N.D.Ill.1979).

3. Plaintiff's complaint also includes another claimed Eighth Amendment violation involving medical treatment for blindness alleged to result from consumption of the alcohol. Again, in a similar context to the foregoing principles, it is necessary for the prisoner to show acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. The special report reveals that plaintiff has been treated on several occasions including a scheduled eye appointment. Plaintiff's injury as alleged is serious indeed, but the Court finds nothing in the record which would rise to constitutional dimensions in violation of the deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 104–106, 97 S.Ct. 285, 291–292, 50 L.Ed.2d 251 (1976).

4. Therefore, plaintiff's action fails on the threshold consideration that plaintiff has not been deprived of a right secured by the Constitution of the United States or demonstrated a violation of any constitutional right guaranteed to him beyond that of simple negligence. *Barr v. United States*, 478 F.2d 1152, 1156 (10th Cir. 1973), cert. denied, 414 U.S. 910, 94 S.Ct. 233, 38 L.Ed.2d 148 (1973); *Prebble v. Brodrick*, supra. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of his claim. *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979). The Court finds that plaintiff cannot make a rational argument on the law or facts in support of his claim, that there is no constitutional violation arising herein and that this action is frivolous. The Court exercises its discretionary authority to dismiss this forma pauperis suit as frivolous, the Court being mindful of *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957) as this action does not give rise to a valid constitutional claim. 28 U.S.C. § 1915(d); *Smart v. Villar*, 547 F.2d 112, 113 (10th Cir. 1976).

Accordingly, judgment will issue dismissing the plaintiff's Complaint and the cause of action alleged therein.