Robert J. NEVILLE, Plaintiff,

v.

Raymond J. DEARIE, Eugene H. Nickerson, George C. Pratt, Roger J. Miner, John M. Walker, J. Edward Lumbard, Richard J. Cardamone, Ralph K. Winter, Individually and as United States District and Circuit Court Judges, Guy J. Mangano, William C. Thompson, Lawrence J. Bracken, Richard A. Brown, Isaac Rubin, Charles B. Lawrence, Geraldine T. Eiber, Joseph J. Kunzeman, Sybil Hart Kooper, Thomas R. Sullivan, Stanley Harwood, Vincent R. Balletta, Albert M. Rosenblatt, Sondra Miller, Individually and as Justices of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department, Grievance Committee for the Tenth Judicial District and, Individually, Each of Its Members and Staff, Robert Abrams, Individually and as Attorney General of the State of New York, and Peter Charuka, Court Reporter, Defendants.

No. 90–CV–327.

United States District Court, N.D. New York.

Aug. 17, 1990.

Robert J. Neville, New York City, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., for State defendants; Lawrence Zimmerman, Asst. Atty. Gen., of counsel.

Buchyn O'Hare Werner & Hoffman, Schenectady, N.Y., for defendant Charuka; Robert A. Liebers, of counsel.

Frederick J. Scullin, Jr., U.S. Atty., Syracuse, N.Y., for Federal defendants; William Larkin, Asst. U.S. Atty., of counsel.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

Plaintiff Robert J. Neville, appearing *pro se*, commenced this action alleging deprivation of various constitutional rights and seeking injunctive relief declaring Section 90(10) of the Judiciary Law of the State of New York unconstitutional. All of the defendants have moved for dismissal of plaintiff's complaint on numerous grounds, and certain defendants have moved for sanctions against Neville as well as a permanent injunction enjoining Neville from filing future actions in this District without prior court approval. Plaintiff opposes these motions, and has filed cross motions seeking recusal of this court and sanctions.

### Background

This lawsuit is the latest in a series of actions commenced by the plaintiff arising out of the Grievance Committee of the Tenth Judicial District's ("the Grievance Committee's") refusal to release to Neville certain confidential information regarding

alleged professional misconduct by attorney Walter D. O'Hearn, Jr. ("O'Hearn").

Neville appealed this decision of the Grievance Committee to the New York State Appellate Division, Second Department; and in August, 1985 the plaintiff provided both the Appellate Division and the Grievance Committee with additional, unrelated "evidence" of crimes allegedly committed by O'Hearn. Nevertheless, the Second Department affirmed the Grievance Committee's refusal to provide Neville with the information concerning O'Hearn. The Court of Appeals refused to hear Neville's appeal of this decision.

In February, 1986 plaintiff brought an Article 78 proceeding seeking this same relief which was denied, and his appeals were dismissed by both the Appellate Division and the New York Court of Appeals.

In March of 1987, plaintiff brought a civil rights action in federal court in the Eastern District of New York based on essentially the same facts as those found in his prior claims. In this action, Neville sued the Grievance Committee, the Justices of the Second Department, Appellate Division (the "Appellate Division defendants") and Robert Abrams, New York's Attorney General. This complaint was dismissed by Judge Weinstein, which dismissal was affirmed by the Second Circuit. The Supreme Court denied certiorari and rehearing of plaintiff's case.

The plaintiff brought a new action regarding these same issues in January, 1989 in the Western District of New York. The court transferred the action to the Eastern District for lack of venue, and the case was re-assigned to Judge Dearie. Judge Dearie subsequently dismissed plaintiff's claims under the doctrine of *res judicata.* Neville's appeal of this order is currently pending in the Second Circuit.

Undaunted by all of the prior proceedings surrounding his claims, Neville filed the instant action on March 22, 1989 alleging the same or similar causes of action against the Appellate Division defendants [1],

the Grievance Committee and Robert Abrams. The plaintiff has also added eight Judges of the Second Circuit ("the Federal defendants") and Peter Charuka, a court reporter, as named defendants in this proceeding.

All of the defendants have moved to dismiss plaintiff's complaint. The grounds asserted by these defendants in support of their motion include: (1) allegedly improper venue, (2) absolute judicial immunity, (3) *res judicata,* (4) collateral estoppel, (5) failure to state a claim and (6) statute of limitations. Additionally, the Grievance Committee and Appellate Division defendants, as well as Robert Abrams, have moved for sanctions against Neville totalling $1,000.00 and for an injunction prohibiting the plaintiff from filing any further actions in the Northern District of New York without the prior approval of this court.

### Discussion

(1) Venue.

The first issue this court must resolve is whether this action is properly filed in the Northern District of New York. Plaintiff asserts venue in his complaint under 28 U.S.C. § 1392(a), which provides:

Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts.

Thus, if venue is proper in this case, the instant action must (1) not be of a local nature, (2) be asserted against defendants residing in different districts, and (3) be brought against a defendant who resides in the Northern District of New York.

The word "local" within the meaning of 28 U.S.C. § 1392(a) refers to actions involving property, and not to the district in which the facts giving rise to the complaint occur. *Johnson v. Jumelle,* 64 F.R.D. 708, 713 n. 4 (S.D.N.Y.1974). The instant case does not involve a dispute over property but rather alleges, *inter alia,* deprivation

---

**1.** With respect to the Appellate Division defendants, the plaintiff has substituted Judges Albert M. Rosenblatt and Sondra Miller as defendants in this action for former defendants Milton Mollen, Moses M. Weinstein and Arthur D. Spatt.

of various constitutional rights. Thus, it is not "of a local nature" as that term is used in 28 U.S.C. § 1392(a). Therefore, the plaintiff has met the first requirement of this statute.

Additionally, plaintiff's claim is asserted against persons who reside in different judicial districts in this state. The individuals whom the plaintiff labels "United States District and Circuit Court Judge" defendants represent judges who are currently sitting in the Eastern and Southern federal district courts of New York, as well as numerous judges of the Second Circuit. The defendants whom the plaintiff collectively refers to as the "Justices of the Appellate Division of the Supreme Court of the State of New York, Second Judicial Department" all reside in the Eastern District of New York, as do the members of the Grievance Committee for the Tenth Judicial District as well as court reporter-defendant Peter Charuka. Thus, the second prong of 28 U.S.C. § 1392(a) has been met.

The final issue for this court to resolve in determining whether venue in the Northern District is proper in this case is whether any of the named defendants "reside" in the Northern District of New York for purposes of 28 U.S.C. § 1392(a).

The only named defendants in plaintiff's complaint who arguably "reside" in the Northern District are Roger J. Miner, Richard J. Cardamone and Robert Abrams.

It is well settled that the residence of public officers means the "official" and not "actual" residence of the individual. *See Brinbaum v. Blum,* 546 F.Supp. 1363, 1366 (S.D.N.Y.1982), *Canaday et al. v. Koch et al.,* 598 F.Supp. 1139, 1143 (E.D.N.Y.1984).

In cases involving federal officials, courts have uniformly held that federal officers can have only one official residence for purposes of venue. *See Michigan State Chamber of Commerce et al. v. Austin,* 577 F.Supp. 651, 654 (E.D.Mich.1983), *rev'd on other grounds,* 788 F.2d 1178 (6th Cir.1986), *Cheeseman v. Carey,* 485

F.Supp. 203, 207 (S.D.N.Y.1980), *remanded on other grounds,* 623 F.2d 1387 (2d Cir. 1980), *Canaday, supra,* 598 F.Supp. at 1143. This residence is defined as the place where federal officials, in the instant case, Judges Miner and Cardamone, perform their official duties. *See e.g. Reuben H. Donnelley Corp. v. F.T.C.,* 580 F.2d 264, 266–67 (7th Cir.1978). The official duties of Judges Miner and Cardamone as Judges of the Second Circuit Court of Appeals are performed in New York City, which is located in the Southern District of New York. Therefore, these defendants do not "reside" in the Northern District of New York for purposes of venue in the instant action.

Turning to the defendant Attorney General of New York, Robert Abrams maintains an official residence in Albany, New York. *See e.g. Procario v. Ambach,* 466 F.Supp. 452, 454 (S.D.N.Y.1979). Since Albany, New York is located within the Northern District of New York, venue is proper in the instant action, and therefore plaintiff's complaint can not be dismissed on the grounds of improper venue.

(2) Judical Immunity.

▮▮▮ The Federal and Appellate Division defendants have moved to dismiss plaintiff's complaint on the grounds that, as judges, they are absolutely immune from Neville's claims.

Judges who perform judicial functions within their jurisdiction are granted absolute immunity concerning actions seeking monetary damages which arise out of these actions. *See Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir.1987). Therefore, the Federal and Appellate Division defendants' motion to dismiss that portion of Neville's complaint seeking monetary relief against any of these defendants must be granted.[2] However, this absolute immunity does not extend to actions seeking injunctive relief concerning judges. *See id.,* 821 F.2d at 139 and cases cited therein, *Schepp v. Fremont*

---

**2.** The relief sought by the plaintiff includes, *inter alia,* an award of "plaintiff['s] costs, disbursements, an attorney's fees for all of the litigation that he has been forced to undertake in order to vindicate his claims".

*County, Wyo.,* 900 F.2d 1448, 1452 (10th Cir.1990). In the instant case, Neville's complaint concerning both the Federal and Appellate Division defendants seeks primarily injunctive relief. Therefore, the portion of plaintiff's complaint seeking injunctive relief against these defendants may not be dismissed solely on the basis of the judge's absolute immunity from the instant action.

**(3) The doctrine of *res judicata.***

The Federal and Appellate Division defendants, as well as the Grievance Committee and Robert Abrams have all moved to dismiss plaintiff's complaint under the doctrine of *res judicata.* In discussing the merits of defendants' arguments, it is helpful to briefly review how the Second Circuit has interpreted and applied this doctrine.

In *Benjamin v. Traffic Exec. Ass'n. Eastern Railroads,* 869 F.2d 107 (2d Cir. 1989), the Second Circuit recently discussed the doctrine of *res judicata.* In *Benjamin,* the Court noted:

"Under res judicata, a final judgment on the merits bars further claims by parties or their privies from relitigating issues that were or could have been raised in that action." *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 466–67 n. 6, 102 S.Ct. 1883, 1889–90 n. 6, 72 L.Ed.2d 262 (1982).

*Benjamin,* 869 F.2d at 111.

Thus, in the instant case, this court must examine the complaints filed by Neville in his previous actions and determine whether his claims in the present action were or could have been raised by the plaintiff against the defendants in Neville's earlier lawsuits.

**(a) *The Grievance Committee and Appellate Division defendants.***

■ In the complaint filed by Neville on or about March 30, 1987 in the Eastern District of New York, the plaintiff alleged, *inter alia,* that the Grievance Committee

and the Appellate Division defendants had "violated plaintiff's first amendment rights of access to formal attorney disciplinary proceedings by refusing to reveal whether a certain formal disciplinary proceeding" was pending against O'Hearn.[3] The relief sought by Neville concerning this alleged violation included (i) a declaration of the court finding Judiciary Law § 90(10) unconstitutional, (ii) an injunction permanently enjoining both the Grievance Committee and the Appellate Division defendants from applying this law, (iii) an order directing these same defendants to permit Neville to attend these disciplinary proceedings, (iv) an injunction directing both the Grievance Committee and the Appellate Division defendants to enforce the disciplinary laws of New York, and (v) both compensatory and punitive damages.[4]

The claims asserted in the first and second causes of action in the instant proceeding are based upon the same conduct complained of in Neville's March, 1987 action. Similarly, the relief sought in the present action is nearly identical to that requested in plaintiff's March, 1987 Complaint. Since this earlier complaint was dismissed by Judge Weinstein, which dismissal was affirmed by the Second Circuit, plaintiff's first and second causes of action in the present action are barred by the doctrine of *res judicata* and must therefore be dismissed.

**(b) *The Attorney General.***

■ Plaintiff's claim against Robert Abrams allege that Abrams has:

[U]nfairly prejudiced the courts against plaintiff and his claims, has facilitated and encouraged the violation of his right to due process of law and, in litigation which raises important issues affecting the public interest, has by his conduct shown a callous indifference to the interests of the people of the State of New York.[5]

---

**3.** *See* Complaint filed by Neville on or about March 30, 1987 (the "March, 1987" Complaint), ¶ 3.

**4.** *See id.,* ¶¶ 15–17.

**5.** *See* Complaint, ¶ 23.

A review of plaintiff's March, 1987 action reveals that the plaintiff has previously claimed that Abrams (i) violated Neville's constitutional rights [6] and (ii) abused his office, acted in bad faith, and recklessly and maliciously violated plaintiff's "clearly established legal rights." [7]

As with his claims asserted against the Grievance Committee and the Appellate Division defendants, Neville's claim against Abrams, filed in March of 1987, was dismissed by Judge Weinstein. This dismissal was affirmed by the Second Circuit. Since Neville's claim against Abrams in the present action is based upon the same facts which gave rise to his earlier claim—a claim which was dismissed—the eighth cause of action in the instant complaint, asserted against Abrams is barred by the doctrine of *res judicata*, and therefore Abrams' motion to dismiss this claim must be granted.

### (c) *The Federal Defendants.*

■ Since none of the Federal defendants or their privies were named defendants in plaintiff's prior actions, their motion to dismiss plaintiff's claim can not be granted on the doctrine of *res judicata*.

### (4) The doctrine of collateral estoppel.

■ In *Wilder v. Thomas*, 854 F.2d 605 (2d Cir.1988), *cert. denied* 489 U.S. 1053, 109 S.Ct. 1314, 103 L.Ed.2d 583 (1989), the Second Circuit reiterated New York's requirements for collateral estoppel. In quoting *Schwartz v. Pub. Adm'r. of Bronx*, 24 N.Y.2d 65, 71, 298 N.Y.S.2d 955, 960, 246 N.E.2d 725, 729 (Ct.App.1969), the *Wilder* court stated:

> New York Law has now reached the point where there are but two necessary requirements for invocation of the doctrine of collateral estoppel. There must be an identity of issue which has necessarily been decided in the prior action

and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling.

*Id.* 854 F.2d at 616.

On February 14, 1990, the Second Circuit dismissed Neville's appeal of an order of Judge Raymond J. Dearie, dated October 27, 1989, which enjoins the plaintiff from filing any actions in the Eastern District of New York without Judge Dearie's prior approval. In the present case, Neville's sixth cause of action challenges the validity of this same order. [8]

The issue in plaintiff's sixth cause of action—the validity of the injunction—was necessarily decided against Neville by the Second Circuit's order of February 14, 1990. Further, Neville had a full and fair opportunity to contest this decision in his appeal before the Second Circuit. [9] Therefore, the Federal defendant's motion to dismiss plaintiff's sixth cause of action must be granted under the doctrine of collateral estoppel.

### (5) Failure to state a claim.

### (a) *Defendant Charuka.*

■ In ¶ 18 of plaintiff's complaint filed in the instant action, Neville alleges that "United States District Judge Nickerson, or a person or persons acting on his behalf, caused a transcript of a [prior] proceeding [involving Neville] to be altered...." ¶ 19 then claims that:

> Defendant court reporter Peter Charuka produced the altered transcript referred to in paragraph 18, *supra*, and thereby impaired plaintiff's ability (a) to demonstrate the denial of due process of law in the [prior proceeding] and (b) to litigate in the case which followed (*Neville v. Appellate Division*).

As a result of Charuka's alleged alteration of the aforementioned transcript, Neville is seeking both damages and an order

---

6. *See* March, 1987 Complaint, ¶ 6.

7. *Id.,* ¶ 16.

8. *See* Complaint, ¶ 20.

9. The court is aware that plaintiff contends, in his seventh cause of action, that he did not, in fact, receive a full and fair opportunity to litigate his claims before the Second Circuit. However, as discussed *infra*, this court finds that claim to be frivolous.

from this court directing Charuka to provide Neville with a "true, accurate and certified transcript" of the prior proceeding.[10]

A liberal reading of Neville's claims against Charuka reveals that, at most, plaintiff alleges that Charuka has deprived Neville of the rights afforded him under 42 U.S.C. § 1983. This section provides, in pertinent part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In this action, Neville claims that Charuka, acting on Judge Nickerson's behalf, caused a transcript of a courtroom proceeding to be altered. In *Green v. Maraio*, 722 F.2d 1013 (2d Cir.1983), the Second Circuit held that a court reporter acting at the direction of a judge is immunized from liability under section 1983 by the defense of qualified immunity for actions carried out within the scope of those instructions. *See id.* at 1018 and cases cited therein. As noted by the Second Circuit:

> [I]t would be manifestly unfair to allow [the court reporter] to be subjected to liability when [ ]he was acting within the scope of the judge's instructions and was simply acting as an arm of the court in compliance with the exercise of *his* judicial authority (emphasis in original).

*Green*, 722 F.2d at 1019.

Since Charuka is immune from the claims asserted against him by plaintiff, Neville's complaint against Charuka must be dismissed.

**(b) *The Federal Defendants.***

■ The only remaining claims in plaintiff's complaint allege that (i) Neville's rights were violated when the members of the Second Circuit refused to recuse themselves from hearing Neville's appeal, (ii) Judge Eugene H. Nickerson of the Eastern District of New York "or a person or persons acting in his behalf caused a transcript of a proceeding" before Judge Nickerson to be altered and (iii) various judges of the Second Circuit have denied plaintiff a full and fair opportunity to litigate his case before them and "have aggravated the violation of plaintiff's constitutional right of access to the courts." [11] The issue currently before this court is whether these claims are frivolous and should be dismissed.

In discussing whether a plaintiff's claims are frivolous, the court in *Davis v. Oklahoma Dep't. of Corrections*, 516 F.Supp. 5 (W.D.Okla.1980) noted that:

> The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of his claim. *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir.1979).

*Davis*, 516 F.Supp. at 7. *See also Stambler v. Dillon*, 288 F.Supp. 646, 649 (S.D.N.Y.1968) (frivolous claims must be disregarded).

Since the remaining claims in Neville's complaint appear to this court to be wholly lacking in merit, not supportable by any rational argument and frivolous, this court dismisses the same.

**(6) Sanctions.**

This court does not find Neville's conduct in filing the instant complaint deserving of sanctions, and also declines to enjoin Ne-

---

**10.** At the time oral argument concerning these motions was heard, Robert Liebers, attorney for defendant Charuka, informed this court that Neville had received a transcript which Charuka declared was a true and accurate transcript of the prior proceedings, thereby rendering this portion of Neville's complaint moot. *See e.g. Lumbert v. Finley*, 735 F.2d 239, 243 (7th Cir. 1984).

**11.** *See* plaintiff's third, fourth and seventh causes of action.

ville from filing future complaints in this District at this time.[12]

**(7) Recusal.**

 Plaintiff's motion for my recusal is based upon possible friendships this court may have with some of the defendants in this action, (in particular members of the Second Circuit), my purported prejudgment of plaintiff's case as well as my alleged failure to afford Neville adequate time with which to oppose the defendants' motions to dismiss.

The first two contentions require only the briefest comment. Acquaintances and friendships between district court and reviewing circuit court judicial officers play absolutely no role in decisions rendered by either court. The court has not herein, nor has it ever "prejudged" any case before it. With respect to plaintiff's contention that he was given inadequate time with which to respond to defendants' motion to dismiss, the Grievance Committee and Appellate Division defendants, as well as Robert Abrams, filed their motion papers to dismiss plaintiff's complaint with this court on April 24, 1990.[13] The Federal defendants filed their memorandum in support of their motion to dismiss on May 30, 1990. Peter Charuka, the only other defendant in this action, filed his motion papers with this court on June 6, 1990. By letter dated June 7, 1990, this court stated that "[p]apers in opposition [to these motions] must be filed with the court on or before June 26, 1990." Thus, Neville was afford-

ed nearly three weeks with which to file papers in opposition to the defendants' motions to dismiss. The Northern District of New York's local Rule 10(e) affords non-moving parties seven days to file memoranda in response to a moving party's motion. Thus, it is clear that Neville had ample time with which to respond to defendants' motions. Accordingly, his motion for my recusal is denied.

### Conclusion

Neville's first, second, and eighth causes of action are dismissed under the doctrine of *res judicata*. Plaintiff's sixth cause of action is barred by the doctrine of collateral estoppel. Plaintiff's fifth cause of action is dismissed because defendant Charuka is immune from the claim asserted therein as a court reporter for Judge Nickerson. Neville's remaining claims are dismissed as frivolous. Defendants' motion for sanctions and an injunction barring the plaintiff from filing further lawsuits in this District is denied. Plaintiff's cross-motions for my recusal and for sanctions are denied.

IT IS SO ORDERED.

---

**12.** Neville has instituted numerous proceedings against a variety of defendants, in both state and federal courts throughout New York State, which all stem from plaintiff's quest to obtain confidential information regarding attorney Walter D. O'Hearn, Jr. These courts have found his claims to have been either without merit or barred by the doctrines of *res judicata* and/or collateral estoppel. In the present action, the Assistant Attorneys General who represented the Grievance Committee and Appellate Division defendants, as well as defendant Robert Abrams have spent at least twenty-four (24) hours defending this lawsuit alone, even though Neville's action against all of these defendants was clearly barred by the doctrine of *res judicata*. The incessant filing of actions by Neville concerning the alleged unconstitutionality of Section 90(10) of the Judiciary Law of the State of New York as well as the Grievance Committee's refusal to

disclose to Neville confidential information concerning attorney O'Hearn must come to an end at some point. That point is now. The plaintiff is hereby put on notice that further actions filed by him in the Northern District of New York relating to the events alleged in the complaint in the instant proceeding (90–CV–327) will be deemed frivolous *per se* by this court and worthy of sanctions.

**13.** This court originally heard oral argument concerning these defendants' motion to dismiss on May 22, 1990. However, since the plaintiff had not timely filed papers in opposition to their motion, this court afforded the plaintiff the opportunity to submit the same by ordering reargument of these defendants' motion to dismiss Neville's complaint on July 10, 1990.