**Douglas E. KAMPFER and Barbara Kampfer, Plaintiffs,**

v.

**Frederick J. SCULLIN, Jr. and United States of America, Defendants.**

**No. 96–CV–1658(LEK/DNH).**

United States District Court, N.D. New York.

Oct. 6, 1997.

Douglas E. Kampfer and Barbara Kampfer, Mayfield, NY, pro se.

Thomas J. Maroney, United States Attorney, Albany, NY (Thomas Spina, Jr., of counsel), for Defendants.

## MEMORANDUM-DECISION AND ORDER

KAHN, District Judge.

### Introduction

Plaintiffs Douglas E. Kampfer and Barbara J. Kampfer (collectively, "the Kampfers") bring this civil rights action against defendants Frederick J. Scullin, Jr., United States District Court Judge for the Northern District of New York, ("Judge Scullin") and the United States of America ("the Government").[1] Presently before the Court are defendants' motion to dismiss, or in the alternative for summary judgment, plaintiffs' cross-motion for sanctions, plaintiffs' request for entry of default against Judge Scullin, and plaintiffs' motion for a change of venue. Plaintiffs seek leave to amend their complaint to seek compensatory and punitive damages in the event the injunctive relief they seek is unavailable. *See* Dkt. No. 13 at 1.

### Background

This action arises out of a prior case in which plaintiffs were involved in the Northern District of New York. The Kampfers allege that on May 1, 1995, they filed a motion for an order of protection for their children in Civil Action No. 94–CV–0201, a case in which Judge Scullin was the designated trial judge.[2] The Kampfers claim that Judge Scullin failed to hear the motion, provide a date and time "for the Plaintiffs to ventilate their (sic) grievances," or rule on their motion. The Kampfers allege that these failures allowed William Gokey and Ernest Clapper[3] "to violate the Plaintiffs (sic) Rights as parent to give their children a(sic) Education in the Public school of their choosing, and Equal Protection under the Law . . ." Cmplt. ¶ 4. The complaint does not identify the specific action by Gokey and Clapper about which the Kampfers complain.

The Kampfers commenced the instant action *pro se* on October 11, 1996, alleging that defendants violated their rights "to petition the government for redress of grievances" and to "equal protection of the laws" pursuant to (1) the United States Constitution, "particularly the First Amendment" (2) Fed. R.Civ.P. 78; and (3) 18 U.S.C. §§ 241–42. Plaintiffs allege that 28 U.S.C. § 1331 confers jurisdiction on this court. Plaintiffs seek the following relief: (1) preliminary and permanent injunctions mandating establishment of a "preventive measure" or local rule (a) requiring judges and magistrates to take "swift and proper action" on motions and (b) providing for sanctions or impeachment to punish violations of the rule; (2) a "prospective injunction" setting a return date before an "unbiased" judge for the contested May 1, 1995, motion made in Civil Action No. 94–CV–0201; (3) costs and expenses of the present action; and (4) other relief as the court deems proper.

On February 13, 1997, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6), or in the alternative for summary judgment pursuant to Fed.R.Civ.P. 56. Defendants contend that the court lacks subject matter jurisdiction over plaintiffs' claims because (1) plaintiffs' claims are barred by the doctrine of sovereign immunity; (2) the court lacks the power to grant the requested relief; and (3) plaintiffs lack standing to compel the court to enact or modify a local rule. Defendants also argue that the

---

1. Although the complaint's caption contains the words "United States of AMERICA," in the space for defendants names, Plaintiffs now assert that they never intended to name the Government as a defendant in this case and that the only defendant is Judge Scullin in his individual capacity. *See* Dkt. No. 14 ¶ 9. The Court will address this assertion.

2. The Kampfers do not otherwise specify the nature of the proposed order.

3. The complaint identifies Gokey and Clapper only as defendants in yet another lawsuit, Civil Action No. 95–CV–1587.

complaint fails to state a claim for (1) injunctive relief; (2) preliminary injunctive relief; (3) a due process violation; (4) an Equal Protection violation; (5) a First Amendment violation; or (6) a violation of 18 U.S.C. §§ 241–42 or Fed.R.Civ.P. 78. Finally, defendants assert that plaintiffs' claims seeking enactment or modification of a local rule or general order are barred by the doctrine of legislative immunity and that plaintiffs' claim for injunctive relief against Judge Scullin in his official capacity arguably may be barred by the doctrine of absolute judicial immunity.

On February 20, 1997, the Kampfers filed an affidavit and memorandum of law in opposition to defendants' motion and a Rule 7.1(f) statement. The Kampfers first argue that the court should deny defendants' motion because the allegations that Judge Scullin refused to consider plaintiffs' motion thereby denying them a "review of their grievances" effectively states a claim under the First Amendment. Dkt. No. 13, at 4–5, 9–10. Next, the Kampfers argued that the action is only against Judge Scullin in his individual capacity for a non-judicial act. The Kampfers contend that refusing to act on plaintiffs' motion constituted a non-judicial act because the action was taken in violation of plaintiffs' due process rights and was an act that normally would not have been performed by other judges. Dkt. No. 13, at 6–7. Plaintiffs also requested leave to amend their complaint if the relief they seek is unavailable.

On February 21, 1997, the Kampfers also filed a cross-motion for sanctions "pursuant to Federal Rules of Civil Procedure 11(b)" against Assistant United States Attorney Thomas Spina, Jr., alleging Spina improperly altered the case title to indicate that the United States of America is a defendant. In the affidavit submitted with their cross-motion, the Kampfers state that "the United States is not and never has been a defendant in this action, this action is against Frederick J. Scullin in his individual capacity," Dkt. No. 14 ¶ 9, and contend that AUSA Spina altered the case title for the sole purpose of protecting Judge Scullin against defaulting in appearance, Dkt. No. 14 ¶ 8. The Kampfers allege that by making the United States a defendant, AUSA Spina was able to respond to the complaint (thereby making it appear that Judge Scullin had answered and protecting him from defaulting), and at the same time make a motion to dismiss on the basis of sovereign immunity (pursuant to which plaintiffs aver that the United States cannot be sued). Consequently, the Kampfers argue that the motion to dismiss is frivolous, and the court should sanction Assistant U.S. Attorney Spina.

On February 24, 1997, the Government responded to plaintiffs' motion for sanctions in a letter to the court. The Government contended that the court should summarily deny plaintiffs' motion as frivolous because (1) the caption of the complaint includes "UNITED STATES OF AMERICA" as a defendant; (2) the complaint signifies multiple defendants by the use of the word "Defendant*s*" (emphasis added) in the caption; and (3) plaintiffs use the phrase "*et al.*"[4] on their cover letter accompanying their motion for sanctions.

On February 26, 1997, the Kampfers wrote to the court contending again that the United States has never been a defendant in this action. In addition, the Kampfers reasoned that because the United States is not a defendant in this action and the United States Attorney filed its motion only on behalf of the United States, the court should deny the Government's motion. The Kampfers also requested that the court "enter Default" based on Judge Scullin's alleged failure to appear thus far in the case. On March 5, 1995, the Kampfers sought entry of default from the clerk of the court as well, and the clerk referred the request to the court for consideration along with the pending motions.

On April 21, 1997, the parties appeared before the Honorable Rosemary S. Pooler, District Judge, for a hearing on the above motions. Judge Pooler informed the plaintiffs that a potential conflict of interest exists because AUSA Spina is representing her in

---

4. "Et al." is an abbreviation for "et alii," meaning "and others" or "et alius", meaning "and another." "The abbreviation "et al." is often affixed to the name of the person first mentioned where there are several [parties]." Blacks Law Dictionary 553 (6th ed.1990).

at least two lawsuits. The Kampfers then requested that Judge Pooler recuse herself from the case. Judge Pooler granted the Kampfers' application and reassigned the matter to this court by order filed on April 28, 1997.

On May 12, 1997 the Kampfers filed another motion, this time seeking a change of venue to the District of Vermont. The Kampfers contend that venue should be changed in the interest of justice pursuant to 28 U.S.C. § 1404(a) due to the bias they allege exists in favor of AUSA Spina and Judge Scullin on the part of the judges of this district. The Kampfers contend that Judge Pooler withheld the fact that AUSA Spina was representing her "causing Pro Se litigants to travel needlessly to Motion hearing (sic), only to recuse, gives (sic) the appearance of bias and it gives rise to the appearance that Judges for that District are attempting to protect their colleagues." Dkt. No. 28 at 5. The Kampfers also allege that the court has failed to enforce its local rules because the clerk's office failed to reject the letter filed by AUSA Spina in response to plaintiffs' motion for sanctions.

In opposition to the Kampfers' motion for a change of venue, the Government argues that the action could not have been brought in Vermont initially and that all known parties, witnesses, and evidence are located within the Northern District of New York.

## Discussion

### A. Plaintiffs' Motion for a Change of Venue

The court will first address the Kampfers' motion for a change of venue.

■ The statute upon which the plaintiffs rely, 28 U.S.C. § 1404(a), provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." As the defendants correctly note, a transfer of the place of trial under this subsection is only permitted if venue would have been proper in the transferee district. To determine if venue would have been proper in the District of Vermont, the

court turns to 28 U.S.C. § 1391(b) which provides:

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

It is patently clear that the District of Vermont has absolutely no connection to this litigation. Judge Scullin does not reside in the District of Vermont and is not subject to personal jurisdiction there. Furthermore, none of the events alleged in the complaint are alleged to have occurred in the District of Vermont. These being the facts, the Kampfers' motion for a change of venue is completely without merit and will be denied.

### B. Claims against the United States and Judge Scullin in his Official Capacity

The Kampfers vigorously assert that they do not now and never intended to sue either the United States of America or Judge Scullin in his official capacity. *See* Dkt. No. 14 ¶ 9; Dkt. No. 16. Consequently, the court dismisses all claims against the United States of America and against Judge Scullin in his official capacity.

### C. Plaintiffs' Motion for Sanctions

■ After a careful review of the documents, the court is satisfied that the United States Attorney did not file a frivolous motion merely for purpose of delay, as plaintiffs contend. The United States Attorney had every reason to believe that the Kampfers had named the United States as a defendant. The complaint states in the heading, "FREDERICK J. SCULLIN, Jr., United States District Court Judge for the Northern District of New York, UNITED STATES OF AMERICA, Defendants." Both the capitalization and the use of the plural word "defen-

---

---

dants" creates the impression that the United States is a defendant. By signing the complaint, plaintiffs declared under penalty of perjury that the complaint was true and correct. In addition, plaintiffs signed a civil cover sheet attached to the complaint and dated October 11, 1996, on which Part I lists as defendants "U.S. District Court Judge Frederick J. Scullin, Jr. & United States of America" and which in Part II indicates that the United States Government is a defendant in the action. Consequently, the court finds that the Government acted appropriately in filing its motion, and plaintiffs' motion for sanctions is thus denied.

### D. Claims Against Judge Scullin in his Individual Capacity

#### 1. Standards

■ On a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Walker v. City of New York*, 974 F.2d 293, 298 (2d Cir.1992), *cert. denied*, 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 and 507 U.S. 972, 113 S.Ct. 1412, 122 L.Ed.2d 784 (1993). Moreover, *pro se* complaints must be read with heightened deference. *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 175–76, 66 L.Ed.2d 163 (1980) (per curiam). On a motion to dismiss for lack of subject matter jurisdiction, consideration of matters outside the pleadings is permissible. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiffs can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991).

Summary judgment may not be granted unless there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment just demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The materiality of facts must be determined with reference to the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In weighing a motion for summary judgment, the court must accept as true the non-moving party's evidence and make all justifiable inferences in the non-movant's favor. *Id.* at 255, 106 S.Ct. at 2513–14.

■ Although plaintiffs do not assert a vehicle under which they bring their constitutional claims in construing the complaint broadly, as the Court must for *pro se* litigants, the complaint can be viewed as one brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* requires a plaintiff to allege that a defendant acted under color of federal law to deprive plaintiff of a constitutional right. *Tavarez v. Reno*, 54 F.3d 109 (2d Cir.1995). Because *Bivens* actions are similar to claims brought under § 1983 in terms of the interests being protected, the relief which may be granted, and the defenses which may be asserted, federal courts typically incorporate § 1983 law into *Bivens* actions. *Id.* at 110.

#### 2. Claims for Monetary Damages

■ It is well established that claims against judges for monetary damages are barred by the doctrine of absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). "For it is a general principal of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Bradley v. Fisher*, 13 Wall. 335, 80 U.S. 335, 347, 20 L.Ed. 646 (1871). *See also Mireles v. Waco*, 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir.1994), *cert. denied*, 514 U.S. 1102, 115 S.Ct. 1837, 131 L.Ed.2d 756 (1995). "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or

corruptly." *Id.* at 351. A judge's absolute immunity is overcome in only two sets of circumstances. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity ... Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles,* 502 U.S. at 11–12, 112 S.Ct. at 288 (citations omitted).

■ The scope of a judge's jurisdiction "must be construed broadly where the issue is the immunity of the judge." *Stump,* 435 U.S. at 356, 98 S.Ct. at 1105. A judge is immune from suit if "at the time he took the challenged action he had jurisdiction over the subject matter before him" and will be subject to liability only when "he has acted in the clear absence of all jurisdiction." *Id.* at 356–57, 98 S.Ct. at 1105 (internal quotations and citations omitted). A judge is immune from liability for his judicial acts "even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359, 98 S.Ct. at 1106.

Here, the *Kampfers* do not attempt to show that Judge Scullin lacked jurisdiction to act in their civil case. To the contrary, the Kampfers allege that Judge Scullin had a duty to hear their motion but (1) failed to provide a date and time for the plaintiffs to be heard on their motion; (2) failed to rule on that same motion in an ongoing case in which he was the designated trial judge. The Kampfers essentially complain that Judge Scullin failed to take actions which were within his jurisdiction and in fact were his duty to take. Consequently, it is undisputed that the complained-of acts constituted acts within Judge Scullin's jurisdiction as the judge assigned to their case.

■ Plaintiffs contend instead that Judge Scullin is not entitled to judicial immunity because his acts did not constitute "judicial acts." Plaintiffs argue that because the acts allegedly violated their due process rights, those acts would not normally have been performed by other judges and consequently cannot be construed as "judicial acts." Plaintiffs' argument reflects a misinterpretation of the applicable case law. The factors determining whether an act by a judge is a 'judicial' one "relate to the nature of the act itself, i.e., whether it is a *function* normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump,* 435 U.S. at 362, 98 S.Ct. at 1107 (emphasis added). The inquiry focuses on whether the judge was performing a 'function' normally performed by judges ... [or] taking *'the type of action'* judges normally perform" rather than on whether the challenged action was an act normally performed by a judge. *Id.* at 362–63 n. 11, 98 S.Ct. at 1107–08 n. 11 (emphasis added). "[I]f only the particular act in question were to be scrutinized, then any mistake of a judge in excess of his authority would become a 'nonjudicial' act, because an improper or erroneous act cannot be said to be normally performed by a judge." *Mireles,* 502 U.S. at 12, 112 S.Ct. at 288. The fact that a court exercises its jurisdiction in an erroneous manner, violates a party's procedural due process rights, or commits other "grave procedural errors" does not make an act any less judicial act or render the judge liable for the act. *Stump,* 435 U.S. at 359, 98 S.Ct. at 1106.

■ Here, even accepting plaintiffs' allegations as true for purposes of deciding this motion, plaintiffs' complaint encompasses only judicial acts. First, the Kampfers' allegations relate only to *functions* normally performed by a judge. As noted above, the complaint alleges that while conducting the Kampfers' case, Judge Scullin failed to provide a date and time for plaintiffs to be heard on their motion and failed to rule on their motion. Nothing could be more clearly within the judicial function than conducting motion practice associated with a case. Plaintiffs' allegations that their motion was handled improperly does not render its handling any less a judicial function. Second, as explained above, plaintiffs dealt with Judge Scullin in his capacity as a judge. The complaint states that plaintiffs filed the contested motion before Judge Scullin as part of an ongoing civil action in which he was the designated trial judge.

Because plaintiffs (1) allege that Judge Scullin acted erroneously, rather than in the absence of jurisdictional authority and (2) complain of acts clearly within the judicial function, the doctrine of absolute judicial immunity bars any action for monetary damages.[5] *See Young,* 41 F.3d at 51 ("the absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff' ") (quoting *Cleavinger v. Saxner,* 474 U.S. 193, 199–200, 106 S.Ct. 496, 499–500, 88 L.Ed.2d 507 (1985)).

### 3. Claims for Injunctive Relief

Although the doctrine of judicial immunity provides that a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions, the Supreme Court in 1984 held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity" or to costs and attorney's fees associated with the action. *Pulliam v. Allen,* 466 U.S. 522, 541–42, 104 S.Ct. 1970, 1981, 80 L.Ed.2d 565 (1984). After *Pulliam,* a case involving a § 1983 action against a state judge, some courts have also held that the *Pulliam* exception to absolute judicial immunity applied to *Bivens* actions against federal judges. *See e.g., Neville v. Dearie,* 745 F.Supp. 99, 102–03 (N.D.N.Y.1990) (McCurn, C.J.) (citing *Dorman v. Higgins,* 821 F.2d 133, 137 (2d Cir.1987)).

However, on October 19, 1996, Congress enacted the Federal Courts Improvement Act of 1996 ("FCIA"), Pub.L. No. 104–317, which restored absolute immunity and legislatively reversed *Pulliam* in several important aspects. Section 309 provides the following:

(a) Notwithstanding any other provision of law, no judicial officer shall be held liable for any costs, including attorney's fees, in any action brought against such officer for an act or omission taken in such officer's judicial capacity, unless such ac-

tion was clearly in excess of such officer's jurisdiction.

(b) Section 722(b) of the Revised Statutes (42 U.S.C.1988(b)) is amended by inserting before the period at the end thereof ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction."

(c) Section 1979 of the Revised Statutes (42 U.S.C.1983) is amended by inserting before the period at the end of the first sentence: ", except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable".

Pub.L. No. 104–317.

▪ Section 309 bars awards of injunctive relief against judges for acts or omissions taken in their judicial capacities in section 1983 actions unless a declaratory decree was violated or was unavailable. *Id.* § (c). Because § 1983 law is incorporated into *Bivens* actions, *Tavarez,* 54 F.3d at 110, the court finds that § 309(c) of the FCIA applies in this case as well. Consequently, the doctrine of absolute judicial immunity bars the Kampfers' suit for injunctive relief unless Judge Scullin violated a declaratory decree or declaratory relief was unavailable.

▪ Here, the Kampfers do not allege that Judge Scullin violated a declaratory decree or that declaratory relief was unavailable to them. 28 U.S.C. § 2201 provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declarations, whether or not further relief is or could be sought. Any such decla-

---

5. Plaintiffs also allege in pleadings outside the complaint that Judge Scullin acted "knowingly and with malice of forethought," Dkt. No. 11 ¶ 1, and with culpable negligence, *id.* ¶ 9; Dkt. No. 12 ¶¶ 1 & 7. The court notes that even if these allegations were contained in the complaint, neither would overcome Judge Scullin's absolute judicial immunity. *See Mireles,* 502 U.S. at 11, 112 S.Ct. at 287–88.

ration shall have the force and effect of a final judgment or decree and shall be reviewable as such." Because the Kampfers could have sought declaratory relief but failed to do so, the court finds that the doctrine of absolute judicial immunity bars their present suit against Judge Scullin and dismiss all remaining claims on those grounds.

Section 309 also bars awards of costs or attorney's fees, to which parties might otherwise be entitled, against judges in actions predicated on their judicial acts. *Id.* §§ (a) & (b). Because the Kampfers complain of acts or omissions that Judge Scullin only took or could only have taken in his capacity as a judge, § 309 would have barred their action insofar as it seeks awards of costs or attorney's fees had they made a successful claim. However, because the court is dismissing the entire complaint, plaintiffs would not be entitled to recover costs and fees even absent § 309's prohibitions.

### E. Plaintiffs' Request for Entry of Default

In light of the dismissal of the entire complaint, plaintiffs' request for entry of default against Frederick Judge Scullin, Jr., is moot and need not be considered. However, for the sake of clarity the court notes that had it considered it, the court would have denied plaintiffs' request because they have not met their burden of showing that Judge Scullin "failed to plead or otherwise defend." Fed. R.Civ.P. 55(a). The United States. Attorney's motion papers indicate that the motion is made and argued on behalf of both defendants. By filing its motion on February 12, 1997, the United States Attorney appeared on behalf of both the Government and Judge Scullin. Consequently, the Kampfers incorrectly concluded that Judge Scullin failed to appear in this case, and they would not have been entitled to entry of default had the case survived this motion.

### F. Plaintiffs' Motion for Leave to Amend

Plaintiffs requested leave to amend their complaint to seek compensatory and punitive damages in the event the injunctive relief they seek is unavailable. As discussed above, the doctrine of absolute judicial immunity bars suits for monetary damages, includ-

ing compensatory and punitive damage suits. Consequently, amending the complaint to seek those damages would be futile and is denied.

### Conclusion

For the above reasons, it is hereby

ORDERED that plaintiffs' motion for change of venue is DENIED; and it is further

ORDERED that plaintiffs' claims against the United States of America and Frederick J. Scullin, Jr., in his official capacity, are DISMISSED; and it is further

ORDERED, that defendants' motion for summary judgment is GRANTED as to all claims against Frederick J. Scullin, Jr., in his individual capacity; and it is further

ORDERED, that plaintiffs' claims against Frederick J. Scullin, Jr., in his individual capacity are DISMISSED; and it is further

ORDERED, that plaintiffs' motion for sanctions is DENIED; and it is further

ORDERED, that plaintiffs' motion for leave to amend is DENIED; and it is further

ORDERED that the Clerk shall enter judgment in favor of the defendants in that the complaint has been dismissed in its entirety; and it is further

ORDERED that the Clerk serve a copy of this order on all parties by regular mail.

IT IS SO ORDERED.