25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John MANIACI, Plaintiff-Appellant,
v.
Michael D. SCHWARTZ; Connie K. DuBoise; Edna Miller,
Defendants-Appellees.
 No. 93-1326.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1994.
 
 Before: NELSON and SILER, Circuit Judges; and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 We are called upon to decide issues which arose in a Macomb County, Michigan state trial court. John Maniaci, the plaintiff, filed, or attempted to file, a pleading in that court on behalf of PJM Management Services ("PJM"), a partnership, in which Maniaci was a general partner. The Michigan judge instructed Maniaci that, as a non-lawyer, he could not purport to represent the entity PJM in court. The judge entered the following order: "Macomb County Clerk's office shall not accept any further pleadings to file from Pltf. in pro per in this case."
 
 
 2
 Maniaci, despite that order, filed a further motion on behalf of PJM. The Michigan judge did not take kindly to Maniaci's action, holding him in contempt in PJM Management Services v. Consumers Power Co., No. 92-1005CZ, dismissing the case, and stating: "It is further ordered that the Clerk of the Court shall not accept further pleadings from John Maniaci in this case or in any other case unless such case is brought solely in his own name and in his individual capacity." Maniaci again, without an attorney, unsuccessfully attempted to appeal.[1] Maniaci then sued, under 42 U.S.C. Sec. 1983, Michael D. Schwartz, the Michigan state judge; Edna Miller, the Macomb County Clerk; and Connie DuBoise, a court clerk assigned to the defendant judge. He brought his case in the federal district court, claiming unlawful deprivation of his rights under color of state law. Maniaci once more proceeded without counsel, asking for damages against the clerks and also seeking declaratory and injunctive relief against the state judge for refusing to accept his pleadings.[2]
 
 
 3
 Maniaci stated to the district court: "I've been denied access to the Macomb County Circuit Court by actions and omissions of Defendants in cases unrelated to PJM Management Services v. Consumers Power and assuming arguendo that the plaintiff had been properly sanctioned for alleged unauthorized practice of law."[3] Attempting to resolve the controversy, the district judge entered this order:
 
 
 4
 The complaint in this case was filed by plaintiff on September 4, 1992. On September 25 and 28, 1992, defendants filed motions to dismiss the case. A hearing was held on October 26, 1992 on these motions. At that hearing, the parties agreed to resolve the disagreement underlying this case by having counsel for defendant Schwartz, Keith R. Beasley, assist plaintiff in filing a motion to amend his complaint in the Macomb County action. That being the case:
 
 
 5
 IT IS HEREBY ORDERED that the case is DISMISSED without prejudice.
 
 
 6
 Back into court came the plaintiff, pro se, this time with a "motion for relief" and also seeking to amend his complaint. He had sharp words for Mr. Beasley, Judge Schwartz's lawyer, for allegedly not doing what Judge Feikens asked him to do. While Maniaci did concede that while Judge Schwartz "is clearly immune from damages," the latter was alleged to be continuing to act in violation of his "constitutional rights." The plaintiff also expressly relied upon Federal Rules of Procedure 15 and 60 for relief.
 
 
 7
 The plaintiff averred in his motion for leave to amend the complaint that in state court he sought "leave to change the name of the party plaintiff from PJM Management Service to John Maniaci personally. The motion, although properly filed [in state court presumably], was ignored by ... Judge Schwartz."[4] (emphasis added). The district court accepted jurisdiction of the plaintiff's motion for relief filed twenty days after entry of the original order dismissing the complaint without prejudice. The district court tried commendably to bring about a mutual understanding between the parties. The district court did not state, however, the basis for accepting jurisdiction of the motion for relief.
 
 
 8
 The district court, in any event, expressed its opinion that judicial immunity barred any claim against the defendants, but the court held the "request to amend his complaint is moot," and therefore denied the motion for relief. The district court neither discussed nor apparently considered any basis for relief under Fed.R.Civ.P. 60.
 
 
 9
 Rule 60(b) has potential relevance, and we set out those provisions applicable to this case:
 
 RULE 60. Relief From Judgment Or Order
 
 10
 (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); ... or (6) any other reason justifying relief from the operation of the judgment.
 
 
 11
 We conclude that the plaintiff filed his motion for relief from the prior judgment within a reasonable time as prescribed by Rule 60. There may also be a question whether, under the circumstances, the district court could "entertain an independent action [for relief]" under Rule 60. Other misconduct of an adverse party may also be grounds for relief under this rule.
 
 
 12
 The plaintiff's recitation in his amended complaint of denial by the defendants of pleadings sought to be filed in other state cases may or could be considered new evidence discovered after the alleged initial denials in the Consumers Power Co. case. The plaintiff is entitled, in any event to consideration by the district court as to whether his allegations set out "any other reason justifying relief from the operation of the [prior] judgment."
 
 
 13
 We are uncertain, moreover, about whether Michigan law precludes Maniaci from suing Consumers Power Co. in his name as a partner of PJM. Whether any court inquiry was made regarding this right or authority of Maniaci to sue or resist a garnishment as one of two general partners in PJM is also uncertain.
 
 
 14
 "A partnership * * * may sue or be sued in its partnership or association name, or in the names of any of its members designated as such or both." M.C.L. Sec. 600.2051(2); M.S.A. Sec. 27A.2051(2), GCR 1963, 201.3(3).
 
 
 15
 Yenglin v. Mazur, 328 N.W.2d 624, 627 (Mich.App.1982) (emphasis added).
 
 
 16
 The plaintiff's attorney argued on appeal in this case that if an incarcerated prisoner has been held constitutionally entitled to have pro se access to courts, see Bounds v. Smith, 430 U.S. 817 (1977), then surely Maniaci must also have that right where his legal interests are directly involved. He has also cited the following language from a sister circuit:
 
 
 17
 "[A]ccess to the courts is a fundamental right of every citizen." ... State officials may not take retaliatory action against individuals designed either to punish him for having exercised constitutional rights to seek judicial relief or to intimidate or chill his exercise of that right in the future.
 
 
 18
 Harrison v. Springdale Water & Sewer Comm'n, 780 F.2d 1422, 1427-28 (8th Cir.1986) (citations omitted). We do not decide this issue, but rather remand this controversy to the district court for further consideration of the plaintiff's Rule 60(b) motion for equitable relief, and for reconsideration of any basis or reason for relief from state action asserted by the plaintiff under the circumstances of this case. We note further that the doctrine of judicial immunity may protect a defendant judicial officer from a damages claim, but it does not foreclose possible injunctive or declaratory judgment relief. See Pulliam v. Allen, 466 U.S. 522 (1984).
 
 
 19
 We REVERSE the denial of the plaintiff's Rule 60(b) motion under the circumstances and REMAND for full consideration of the equities and plaintiff's motion for relief from the district court's previous dismissal without prejudice.
 
 
 
 [1]
 The appeal was dismissed "with leave to appeal pursuant to MCR 7.205(F) ... by a licensed attorney." Earlier, apparently, a lawyer engaged an appearance in the trial court for PJM. There is further evidence of his participation in the case
 
 
 [2]
 This is based upon Maniaci's testimony at a district court hearing. His original pleading in the state court was not included in the joint appendix
 
 
 [3]
 Maniaci also advised the district judge that he tried unsuccessfully to amend the state court pleading to set out his own personal cause of action, "and they wouldn't allow me to present any documents to the Court." The defendants' attorney replied: "Mr. Maniaci has not attempted to do that."
 
 
 [4]
 It would seem that Maniaci's motion was permitted to be filed by someone in the Macomb County state court clerk's office, but not acted upon by the defendant, Judge Schwartz