25 F.3d 1052
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 George M. WALLACE, Plaintiff-Appellant,
v.
David HAYSE, Judge, in his official capacity as Judge in
Fayette District Court, Defendant-Appellee.
 No. 94-5053.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before MARTIN and JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 George M. Wallace, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking a declaratory judgment, injunctive relief, and a writ of mandamus, Wallace sued a Fayette (Kentucky) District Court Judge in his official capacity for violating his rights under the First and Fourteenth Amendments. Wallace alleged that on October 20, 1992, he attempted to file by mail two criminal complaints in the form of notarized affidavits. On November 25, 1992, he received a letter from a pretrial dispute mediator rejecting the affidavits for filing on Judge Hayse's direction that they must be filed in person. Because Wallace is presently incarcerated, and thus unable to file his complaints in person, he asserts that Judge Hayse's action deprives him of his right to redress his grievances. The district court dismissed the case on the basis of absolute judicial immunity in a memorandum and order filed on February 9, 1993. However, a panel of this court vacated the district court's order and remanded the case, noting that judicial immunity is not a bar to prospective injunctive or declaratory relief. Wallace v. Hayse, No. 93-5382 (6th Cir. Aug. 6, 1993) (unpublished order).
 
 
 3
 On remand, a magistrate judge again recommended that Wallace's complaint be dismissed. He concluded that the federal courts are without standing or jurisdiction to review the decisions of a state court judge, and that the doctrine of Younger v. Harris, 401 U.S. 37, 45 (1971), required the federal courts to abstain from interfering with the pending state proceeding. Finally, the magistrate judge determined that this case did not warrant the extraordinary remedy of mandamus. Wallace objected, principally on the ground that there is no pending state proceeding. Nonetheless, the district court adopted the magistrate judge's report and dismissed the complaint, pursuant to 28 U.S.C. Sec. 1915(d), in an opinion and judgment filed on December 28, 1993.
 
 
 4
 On appeal, Wallace continues to argue that the Younger doctrine is not applicable in this case, and that the federal courts do have jurisdiction to vindicate his constitutional rights. He has filed a motion for appointment of counsel.
 
 
 5
 Upon review, we affirm the district court's judgment insofar as it dismisses Wallace's petition for a writ of mandamus. However, we vacate the judgment insofar as it sua sponte dismisses under Sec. 1915(d) his claims for declaratory and injunctive relief.
 
 
 6
 The writ of mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62 (1978). " 'The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy.' " In re NLO, Inc., 5 F.3d 154, 156 (6th Cir.1993) (quoting Helstoski v. Meanor, 442 U.S. 500, 505 (1979)). In this case, other remedies are available to Wallace. For example, he may petition the Kentucky Court of Appeals for a writ of mandamus. Moreover, the All Writs Act, 28 U.S.C. Sec. 1361, confers jurisdiction in the federal courts to compel only officers, employees, or agencies of the United States to act. The district court has no jurisdiction to issue a writ of mandamus compelling a state court judge to act. Accordingly, the district court's judgment is affirmed insofar as it relates to Wallace's petition for mandamus.
 
 
 7
 However, the district court abused its discretion when it dismissed Wallace's claims for declaratory and prospective injunctive relief as frivolous pursuant to Sec. 1915(d). See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint may be dismissed sua sponte as frivolous only when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 326 (1989). Wallace's claim has a basis in fact because it is not based upon a delusional or fantastic factual scenario. See id. at 327-28. It has an arguable basis in law because a state may not erect any barriers that may impede an inmate's access to the courts. See Knop v. Johnson, 977 F.2d 996, 1009 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993); John L. v. Adams, 969 F.2d 228, 235 (6th Cir.1992). The Younger abstention doctrine, which the district court relied upon on remand, is inapplicable to Wallace's case because there is no on-going state judicial proceeding as is required for the proper application of the doctrine. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Indeed, that fact forms the very basis of his complaint.
 
 
 8
 Accordingly, the motion for the appointment of counsel is denied. The district court's judgment, entered on December 29, 1993, is affirmed as to its dismissal of Wallace's petition for mandamus relief. The judgment is vacated, however, as to its dismissal of Wallace's claims for declaratory and injunctive relief and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.