73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John MANIACI, Plaintiff-Appellee,
v.
Michael D. SCHWARTZ, Connie K. Dubois, and Edna Miller,
Defendants-Appellants.
 No. 94-2066.
 United States Court of Appeals, Sixth Circuit.
 Dec. 19, 1995.
 
 Before: BROWN, SILER, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal derives from Maniaci's effort, as a non-lawyer, to represent a partnership in which he was a partner in a Michigan state court. The action was brought by the partnership, PJM Management Services, to contest an unpaid $341.00 gas bill of an apartment managed by the partnership.[1] The Michigan state courts, trial and appeals, held that Maniaci could not represent the plaintiff partnership in the lawsuit.
 
 
 2
 Maniaci then brought an action in federal district court for the Eastern District of Michigan, relying only on 42 U.S.C. Sec. 1983 as a basis for federal jurisdiction and for his claim, against the state trial judge and two deputy court clerks, asserting that they had illegally denied him his claimed right to represent the partnership in the case in state court. Although Maniaci relied solely on Section 1983 as a basis for his complaint both as to jurisdiction and cause of action, his complaint pointed to no deprivation of "rights, privileges, or immunities secured by the Constitution and [federal] laws" as is required under Section 1983.[2] The complaint, in short, does not point to any federal constitutional provision or federal law that supports Maniaci's right, as a non-lawyer, to represent the plaintiff, the partnership, in state court, and we know of none.
 
 
 3
 In the later history of this matter, first in federal district court, where no relief was actually granted, then in this court reversing and remanding (Maniaci v. Schwartz, 25 F.3d 1049 (table), 1994 WL 182184 (6th Cir. May 11, 1994)), but not specifying any relief for Maniaci, then again in federal district court, an order was ultimately entered prohibiting defendants from refusing to accept pleadings tendered by Maniaci, as a non-lawyer, in behalf of the partnership. None of these rulings cites to a federal constitutional provision or law that supports the right of a non-lawyer who is a partner to represent a plaintiff partnership in state court, and, as we have said, we know of none. There is some indication that the district court was under the impression that Sec. 1983 itself created such a right, but, as we have pointed out, Sec. 1983 only creates remedies for violation of constitutional provisions or federal laws and itself creates no substantive rights.
 
 
 4
 Because we have found no basis for relief for Maniaci under the federal constitution or laws, his case must be dismissed.
 
 
 5
 The cause is therefore REVERSED and REMANDED to the district court with direction to dismiss the action with prejudice.
 
 
 
 [1]
 Apparently Maniaci was the general partner and his father a limited partner and Maniaci owned the building
 
 
 [2]
 Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979)