Matthew D. KUNDRAT, Plaintiff,

v.

Richard B. HALLORAN, Judge, in his official capacity as Judge in the Circuit Court for the County of Wayne, Defendant.

No. CIV. 00–40405.

United States District Court,
E.D. Michigan,
Southern Division.

May 29, 2001.

E. Lynise Bryant, Detroit City Law Department, Detroit, for dft represented by Bryant.

Matthew D. Kundrat, Detroit, for pla represented by Kundrat (Pro Se).

Thomas E. Marshall, Thomas E. Marshall Assoc., Rochester Hills, for dft represented by Marshall.

Mark E. Weiss, Detroit, for dft represented by Weiss.

### *ORDER*

GADOLA, District Judge.

Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56 [docket entry 7]. Because discovery has not closed, and the Court's general policy is not to adjudicate motions for summary judgment before the close of discovery, *see, e.g., Garrish v. UAW*, 133 F.Supp.2d 959, 966 (E.D.Mich.2001), the Court will deny without prejudice Defendant's motion for summary judgment. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of the motion to dismiss. For the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

## I  BACKGROUND

Plaintiff asserts the following facts, which the Court must assume as true for purposes of this motion.

On April 5, 2000, Defendant, acting in his official capacity as a Judge in the Circuit Court for the County of Wayne, and pursuant to M.C.L. 600.2950a, issued an ex parte protective order against Plaintiff. That order was based on a complainant's alleged fears of stalking, and took effect before Plaintiff had notice or an opportunity to be heard. On April 17, 2000, Plaintiff paid a $20.00 filing fee to the Circuit Court for the County of Wayne and filed a motion to rescind the protective order. On May 2, 2000, a judge whom Plaintiff cannot identify rescinded the protective order after the complainant failed to attend a hearing.

On November 21, 2000, Plaintiff filed suit in this Court. Plaintiff argues that Defendant, by applying M.C.L. 600.2950a to Plaintiff's case, deprived Plaintiff of a liberty and property interest without notice and an opportunity to be heard, thus violating the Due Process Clause of the Fourteenth Amendment. In his "complaint for declaratory relief," Plaintiff prays for the following relief. First, he requests that the Court declare that Defendant violated Plaintiff's due process rights. Second, he requests that the Court declare M.C.L. 600.2950a unconstitutional, both facially and as applied. The Court construes these claims as duplicative, in that each amounts to a challenge to the constitutionality of M.C.L. 600.2950a. The Court therefore construes the first two components of Plaintiff's sought relief as asserting one claim that M.C.L. 600.2950a is unconstitutional facially and as applied.

Third, Plaintiff sought to recover his court costs from the underlying case. Plaintiff has since abandoned this claim for relief. (Pl. Br. at 10.) Fourth, Plaintiff seeks recovery of court costs in this case. Fifth, Plaintiff seeks to recover "other reasonable costs" related to this case. Final-ly, Plaintiff seeks any other appropriate relief.

## II  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. In applying the standards under Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir.1993).

The Court will not, however, accord the presumption of truthfulness to any legal conclusion, opinion or deduction, even if it is couched as a factual allegation. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). The Court will not dismiss a cause of action "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Although the pleading standard is liberal, bald assertions and conclusions of law will not enable a complaint to survive a motion pursuant to Rule 12(b)(6). *Leeds v. Meltz,* 85 F.3d 51, 53 (2d Cir. 1996).

## III  ANALYSIS

Defendant first argues that "Plaintiff's conclusory allegations fail to state a claim upon which relief can be granted." The Court disagrees. All that a plaintiff need do, pursuant to Rule 8(f), is provide "fair notice of what the claim is and the ground upon which it rests." *Iron Work-*

ers' *Local No. 25 Pension Fund v. Nyeholt Steel, Inc.*, 946 F.Supp. 514, 517 (E.D.Mich.1996). Here, Plaintiff has made clear that the claim is denial of procedural due process.[1] Defendant thus has fair notice of what the claim is. Plaintiff has made equally clear that he rests that claim on the ground that Defendant issued a protective order against Plaintiff without notice or an opportunity to be heard. Defendant therefore knows the ground upon which the claim rests. The Court therefore holds that Plaintiff has not stated mere conclusory allegations such that the Court should dismiss his cause of action.

■ Defendant's second argument relevant to his Rule 12(b)(6) motion is that claim preclusion bars Plaintiff's action. The doctrine of claim preclusion applies where: (1) there was a prior decision on the merits; (2) both actions are between the same parties or their privies; and (3) "the issues must have been resolved in the first action, either because they were actually litigated or because they might have been presented in the first action." *Chakan v. City of Detroit*, 998 F.Supp. 779, 782 (E.D.Mich.1998) (Gadola, J.) (citation omitted). Defendant here was not a party, nor was he privy to a party, in the action in state court. The second precondition of claim preclusion is not met in this case, and the doctrine therefore does not bar Plaintiff's action.

■ Defendant's third argument hinges on issue preclusion. The doctrine of issue preclusion applies where: (1) the relevant issue was actually litigated in the prior proceeding; (2) determination of the issue was "a critical and necessary part of the decision in the prior proceeding"; and

(3) the prior forum must have given the party "against whom estoppel is asserted a full and fair opportunity to litigate the issue." *Central Trans., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 259 (6th Cir.1991) (citation omitted). Because there is no reason to believe that the issues before the Court were actually litigated in the state proceeding, the Court holds that issue preclusion is no bar to Plaintiff's action.

■ Defendant's fourth argument is that "traditional principles of comity and abstention" militate against adjudicating Plaintiff's case. The Court disagrees. Where, as here, the Court confronts a case "involving a facial challenge to a statute, the pivotal question in determining whether abstention is appropriate is whether the statute is 'fairly subject to an interpretation which will render unnecessary or substantially modify the federal constitutional question.'" *City of Houston v. Hill*, 482 U.S. 451, 468, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987) (citation omitted). Defendant has not shown, and the Court does not apprehend, that M.C.L. 600.2950a is subject to such an interpretation, and the Court therefore holds that abstention is inappropriate.

■ Defendant's fifth argument is that absolute judicial immunity bars relief in the form of money damages and bars the declaratory relief Plaintiff seeks. Plaintiff seeks no money damages, and judicial immunity does not bar the declaratory relief Plaintiff seeks. *See Wallace v. Hayse*, No. 94–5053, 1994 WL 194244, at *1 (6th Cir. May 16, 1994); *Maniaci v. Schwartz*, No. 93–1326, 1994 WL 182184, at *3 (6th Cir. May 11, 1994) (citing *Pulliam v. Allen*, 466 U.S. 522, 104 S.Ct. 1970,

---

1. Although it seems redundant to discuss "procedural" due process, the Court reluctantly must do so in order to distinguish this cause of action from the "ephemeral concept"

of "substantive" due process. *Braley v. City of Pontiac*, 906 F.2d 220, 228 (6th Cir.1990) (Nelson, J., concurring) (citation omitted).

80 L.Ed.2d 565 (1984)); *Tesmer v. Granholm*, 114 F.Supp.2d 603, 616–18 (E.D.Mich.2000) (Roberts, J.). Judicial immunity does preclude, however, any award of court costs or attorney's fees against Defendant. *Kampfer v. Scullin*, 989 F.Supp. 194, 201–02 (N.D.N.Y.1997). The Court therefore will dismiss Plaintiff's claim for costs.

■■■ Defendant's sixth argument is that Plaintiff lacks standing because he suffered no injury in fact. Standing is a doctrine of justiciability that concerns whether a specific person is the proper party to bring a particular action for adjudication in federal court. *See* Erwin Chemerinsky, *Federal Jurisdiction* § 2.3.1 (3d ed.1999). In order to have standing, a plaintiff must allege that he personally suffered some actual or threatened injury. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105–06, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983); *Coyne v. American Tobacco Co.*, 183 F.3d 488, 494 (6th Cir.1999). Furthermore, a plaintiff must allege that the personal injury was caused by defendant's conduct and that it is likely to be redressed by a favorable federal court decision. *See Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984); *Coyne*, 183 F.3d at 494.

■■■ In this case, Plaintiff alleged that he suffered an injury in fact because he asserts that he personally suffered a loss of the freedom of movement caused by Defendant's issuance of the protective order. *Cf. Grace v. City of Detroit*, 760 F.Supp. 646, 649 (E.D.Mich.1991). The Court therefore rejects Defendant's argument that Plaintiff has failed to delineate an injury in fact in his complaint.

Defendant's seventh contention is that M.C.L. 600.2950a is constitutional, and Plaintiff therefore has failed to state a claim upon which relief can be granted.

The Court refuses to pass on this question because the issue is not ripe.

■■■ Ripeness is a doctrine of justiciability that concerns when review is appropriate. *See* Chemerinsky, *Federal Jurisdiction* § 2.4.1. Ripeness is similar to standing, but where standing is concerned with the fitness of a particular party to litigate a particular action, ripeness is concerned with when a proper party may litigate that action. *See id.* "The basic rationale for the ripeness doctrine 'is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.' " *National Rifle Association v. Magaw*, 132 F.3d 272, 284 (6th Cir.1997) (quoting *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 580, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)). Under the ripeness doctrine, federal courts are "not to entertain constitutional questions in advance of the strictest necessity." *Poe v. Ullman*, 367 U.S. 497, 503, 81 S.Ct. 1752, 6 L.Ed.2d 989 (1961).

■■■ In this case, the "strictest necessity" does not yet call for the adjudication of the underlying dispute, which is whether M.C.L. 600.2950a is constitutional. This is so because here, as in any case, it is possible that Plaintiff's action will not survive a properly timed motion for summary judgment. Were that to happen, the Court might not need to pass on the constitutionality of the statute in question. At this stage of the proceedings, the Court therefore declines to pass on whether M.C.L. 600.2950a is constitutional.

## IV   CONCLUSION

For the reasons set forth above,

**IT IS HEREBY ORDERED** that Plaintiff's claim for court costs is **DISMISSED.**

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss, insofar as it

concerns Plaintiff's facial and as-applied challenge to M.C.L. 600.2950a, is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's motion in the alternative for summary judgment is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**