Matthew D. KUNDRAT, Plaintiff,

v.

Richard B. HALLORAN, Judge, in his official capacity as Judge of the Circuit Court, Family Division, for the County of Wayne, Defendant,

and

State of Michigan, Defendant–Intervener.

No. Civ.00–40405.

United States District Court, E.D. Michigan, Southern Division.

June 7, 2002.

Mathew D. Kundrat, Detroit, MI, pro se.

Thomas E. Marshall, Thomas E. Marshall Assoc., Rochester Hills, MI, Mark E. Weiss, Detroit, MI, for defendant.

Janet Van Cleve, Mich. Dept. of Atty. General, Habeas Corpus, Div., Washington, DC, for movant.

## OPINION AND ORDER

GADOLA, District Judge.

Before the Court is Plaintiff's motion for summary judgment [docket entry 25]. Pursuant to Local Rule 7.1(e), the Court concludes that a hearing would not aid in the disposition of this matter. Plaintiff argues that a provision of Michigan's anti-stalking statute, M.C.L. § 600.2950a, is invalid because it allows a state judge to issue an ex parte "Personal Protection Order" ["PPO"] in some non-domestic cases without prior notice and an opportunity to be heard, thereby violating the Due Process Clause of the Fourteenth Amendment. Because the Court now finds that Plaintiff's claim to declaratory relief is moot, the Court shall deny Plaintiff's motion for summary judgment and dismiss Plaintiff's claim.

## I BACKGROUND

The parties do not dispute the relevant facts. On April 5, 2000, Defendant, acting in his official capacity as Circuit Court Judge for the County of Wayne, and pursuant to M.C.L. § 600.2950a, issued a PPO against Plaintiff, based on a complainant's alleged fears of stalking. Upon being served with the order, Plaintiff requested a hearing, which the Circuit Court set for May 2, 2000. On that date, the complainant failed to appear and the PPO was rescinded.

On November 21, 2000, Plaintiff filed this action for declaratory relief. On May 29, 2001, this Court granted in part and denied in part Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Kundrat v. Halloran*, 145 F.Supp.2d 865, 870 (E.D.Mich.2001) (Gadola, J.). This Court found that Plaintiff's allegations gave notice of the claims and grounds therefor, that Plaintiff's claims were not barred by claim preclusion or by issue preclusion, that this Court was not required to abstain, that defendant Halloran, in his official capacity, has judicial immunity that precludes monetary damages, but not declaratory relief, and that the issue of the constitutionality of 600.2950a was not yet ripe. *Id.* at 869–70.

On May 4, 2001, this Court certified the question of the constitutionality of the statute to the Michigan Attorney General pursuant to 28 U.S.C. § 2403(b). On July 3, 2001, this Court granted the State of Mich-

igan leave to intervene to defend M.C.L. 600.2950a. Plaintiff now moves for summary judgment.

## II LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.; Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d 701, 1991 WL 49687 (6th Cir.1991), "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252,

106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

## III ANALYSIS

The essence of Plaintiff's argument is that the Court must conclude as a matter of law that M.C.L. § 600.2950a is unconstitutional on its face, because ex parte PPOs issued under the statute deprive individuals of their right to due process as guaranteed by the Fourteenth Amendment. For that reason, maintains Plaintiff, the Court should grant his motion for summary judgment.

Defendant argues, *inter alia,* that the evidence before the Court shows conclusively that Plaintiff's claim must be dismissed as moot. For reasons set forth below, the Court agrees that Plaintiff's claim is moot and that this Court must, accordingly, dismiss this case.

■ Federal courts possess subject matter jurisdiction only over actual cases or controversies. U.S. CONST. art. III, § 2. A plaintiff must satisfy the "case or controversy" requirement throughout the pendency of the proceedings, and not only when he files the complaint. *Grider v. Abramson,* 180 F.3d 739, 746 (6th Cir. 1999) (citation omitted).

■ In general a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (citations omitted). Under this general rule, Plaintiff's claim that M.C.L. § 600.2950a unconstitutionally deprived him of due process became moot once the Personal Protection Order was rescinded. The question is no longer "live" because even a favorable decision by this Court could not affect the already rescinded order. For the same reason,

Plaintiff no longer has a legally cognizable interest in the result of this case. This Court has already dismissed his claim for damages and costs, *Kundrat,* 145 F.Supp.2d. at 869, and this Court's declaring the provision in question unconstitutional would not aid Plaintiff because Plaintiff, as discussed above, no longer faces a PPO.

Although it is not entirely clear from the text of his brief, Plaintiff appears to contend that his claim is not moot because it falls under one of two exceptions to the doctrine of mootness. Construing the pro se Plaintiff's submission liberally, the Court ascertains that Plaintiff argues that the "collateral consequences," or the "capable of repetition, yet evading review" exceptions to mootness apply to his case. The Court addresses each exception in turn.

■ Plaintiff first contends that his claim is not moot because he retains an interest in "clearing [his] name of the infamous 'stalker' label that the defendant so unjustly placed upon [him]," and that his reputation continues to suffer the adverse consequences of the PPO issued against him. (Reply Br. at 4.) In doing so, Plaintiff appears to be arguing that his case is not moot because the PPO has "collateral consequences."

■ The Supreme Court has applied the "collateral consequences" exception to mootness in cases of criminal incarceration. In general, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43

(1998). After the convict's sentence expires, however, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.* In *Spencer,* the Supreme Court criticized precedent that presumed the existence of collateral consequences and that accepted "the most generalized and hypothetical of consequences as sufficient to avoid mootness." *Id.* at 9–10, 118 S.Ct. 978.

Plaintiff argues that his position is analogous to that of a paroled convict's; i.e., Plaintiff contends that he is subject to collateral consequences because "Judge Halloran essentially convicted [him] of the crime of stalking then sentenced [him] to one year's probation," and because he has "a very real interest in showing that as a matter of constitutional law [Defendant] had no business attaching this badge of infamy to [him] in the first place." (Reply Br. at 4–5.) The Court disagrees.

 Although it is understandable that Plaintiff feels that clearing his name is "the most important thing" in his life, reputation alone is not a constitutionally-protected liberty or property interest. *Cutshall v. Sundquist,* 193 F.3d 466, 479 (6th Cir.1999). Similarly, "reputational harm" does not rise to the level of the kinds of concrete disadvantages or disabilities that the Supreme Court has found constitute sufficiently adverse collateral consequences to render a case justiciable, "such as deprivation of the right to vote, to hold office, to serve on a jury, or to engage in certain businesses." *Spencer,* 523 U.S. at 8, 118 S.Ct. 978 (citations omitted). Finally, the Court cannot identify any concrete statutory collateral consequence, stemming from Plaintiff's rescinded PPO, that could be redressed by finding M.C.L. § 600.2950a unconstitutional. Therefore, the Court finds as a matter of law that the effects of Plaintiff's rescinded PPO are not collateral consequences that would prevent Plaintiff's claim from being found moot.

 The Court turns to Plaintiff's argument that his case is not moot because it is capable of repetition, yet evading review. In the absence of a class action, the "capable of repetition, yet evading review" doctrine only applies where: (1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.,* 119 F.3d 453, 458 (6th Cir.1997).

Plaintiff argues that although the PPO issued against him was rescinded, his case is not moot because the process for obtaining ex parte PPOs is still actively enforced, and he may again be the subject of a PPO filed by the original petitioner or anyone else. (Reply Br. at 4.) The Court does not agree.

 For a situation to be capable of repetition, yet evading review, there must be a "reasonable expectation" or a "demonstrated possibility" that the same controversy will recur involving the same complaining party. *Murphy,* 455 U.S. at 482, 102 S.Ct. 1181. Mere physical or theoretical possibility is insufficient because, were it otherwise, "virtually any matter of short duration would be reviewable." *Id.* That is to say, a plaintiff cannot base his claim for injunctive or declaratory relief on the "mere speculation that he will suffer some future harm." *Smith v. SEC,* 129 F.3d 356, 363 (6th Cir.1997).

Here, Plaintiff is unable to point to competent evidence that would allow a reasonable jury to conclude that he has a "reasonable expectation" or a "demonstrated possibility" of finding himself subject to

**870**

another PPO. Viewed in the light most favorable to Plaintiff, the evidence shows only that he was once the subject of a PPO that was subsequently rescinded. No competent evidence could lead to the conclusion that there exists a "reasonable expectation" or a "demonstrated possibility" that Plaintiff will again be the subject of a PPO issued under M.C.L. § 600.2950a.

The Court therefore declines to pass on whether M.C.L. § 600.2950a is constitutional, because the Plaintiff's claim is moot.

## IV CONCLUSION

For the reasons set forth above, the Court, viewing the evidence in the light most favorable to Plaintiff, concludes as a matter of law that this case is moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for summary judgment is **DENIED,** and that Plaintiff's claim is **DISMISSED.**

**SO ORDERED.**