826 So.2d 504 (2002)
Stephen Z. GERVIN, M.D., Appellant,
v.
Honorable Robert ANDREWS, Circuit Judge of the Seventeenth Judicial Circuit, Appellee.
No. 4D01-3597.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
*505 Bruce S. Rogow and Beverly Pohl of Bruce S. Rogow, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Fort Lauderdale, for appellee.
GROSS, J.
Dr. Stephen Gervin appeals the trial court's dismissal of his amended complaint seeking relief under 42 U.S.C. § 1983 for failure to state a cause of action. See Fla. *506 R. Civ. P. 1.140(b)(6). We affirm, holding that because he failed to plead a deprivation of liberty or property, Gervin was not entitled to the procedural guarantees of the Due Process Clause.
In reviewing an order granting a motion to dismiss, this court's "gaze is limited to the four corners of the complaint." Gladstone v. Smith, 729 So.2d 1002, 1003 (Fla. 4th DCA 1999). The facts alleged in the complaint must be accepted as true and all reasonable inferences are drawn in favor of the pleader. Id.
Gervin's amended complaint alleges that he is a board certified neurosurgeon. For about twenty-five years, litigation lawyers have retained Gervin to perform independent medical examinations. He has served as an expert witness and testified in court in Broward County, Florida.
The defendant in the personal injury case Popps v. Knispel retained Gervin as an expert to conduct an independent medical examination of the plaintiff. At trial, defense counsel planned to introduce Gervin's videotaped deposition, without objection from the plaintiff.
Appellee, circuit judge Robert Lance Andrews, was the trial judge in the personal injury case. Defense counsel learned from Andrews' judicial assistant that the judge would not allow Gervin to testify at trial. The defense filed a motion for recusal, or in the alternative, a motion to allow the witness to testify.
At the hearing on the motion, the judge said that after "years of watching Doctor Gervin testify," he had concluded that under section 90.603(2), Florida Statutes (2001), Gervin was a witness "incapable of understanding the duty of a witness to tell the truth." During the hearing, the judge made a number of statements characterizing Gervin as a "liar":
He wouldn't know the truth if it leap [sic] up and bit him in the ass.
* * *
Doctor Gervin, in my book, is one of the most insidious perjurers that I've ever seen.
* * *
I have witnessed Doctor Gervin on numerous occasions lie. He doesn't know the truth ....
* * *
I'm not going to allow a perjurer to come into my courtroom. I'm clear and convinced that he's a perjurer.
Gervin alleged that the judge's statements about his truthfulness are "completely and utterly false," that they were made without a hearing under section 90.603(2), that they invaded the province of the jury, and that they were made under color of state law.
Judge Andrews ruled that he would not allow Gervin to testify at trial. Rather than seeking review of this ruling, defense counsel chose to retain a different expert and proceed to trial. Gervin asserts that the judge's statements injured his reputation, "severely impaired his ability to obtain employment" as an expert witness, and caused him to be discharged by the defense in Popps v. Knispel.
Count I of the amended complaint sought relief under 42 U.S.C. § 1983. It alleged a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, in that Gervin did not have an opportunity to be heard "before being condemned through state action to suffer a grievous loss of a constitutionally protected right."
As relief, the amended complaint sought a declaration that Judge Andrews's statements about Gervin were
null and void because they were made in excess of his legal authority and jurisdiction *507 and in violation of the federal and state constitutions; and [an] Order that Judge Andrews' remarks on February 24, 2000, relating to Dr. Gervin being a "perjurer," a "liar," and "incapable of telling the truth" and "wouldn't know the truth if it leap [sic] up and bit him in the ass" be expunged.
In addition, the pleading sought attorney's fees and costs pursuant to 42 U.S.C. § 1988.[1]
The trial court correctly recognized that Gervin did not allege the deprivation of a constitutionally protected property or liberty interest. To establish a procedural due process claim under section 1983, "a plaintiff must first show the deprivation of a liberty or property interest protected by the Due Process Clause." Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1436 (11th Cir.1998). In Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the Supreme Court held that defamation by the government, standing alone and apart from any other governmental action, does not constitute a deprivation of liberty or property under the due process clause. Labeled the "stigma-plus" test, this rule requires a "plaintiff claiming a deprivation based on a defamation by the government [to] establish the fact of the defamation `plus' the violation of some more tangible interest before the plaintiff is entitled to invoke the procedural protections of the Due Process Clause." Cannon v. City of West Palm Beach, 250 F.3d 1299, 1302 (11th Cir.2001).
After Paul, the Supreme Court visited the issue again in Siegert v. Gilley, 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991). The plaintiff in Siegert was a psychologist who resigned from his position at a government facility, St. Elizabeths Hospital. He sued his supervisor at St. Elizabeths for writing a defamatory letter to a subsequent employer. The letter contained the statement that the plaintiff was "both inept and unethical, perhaps the least trustworthy individual I have supervised in my thirteen years at [St. Elizabeths]." Id. at 228, 111 S.Ct. 1789. The plaintiff claimed that the letter had caused him to lose his post and "rendered him unable to obtain other appropriate employment in the field." Id. at 229, 111 S.Ct. 1789.
The Supreme Court held that the Siegert plaintiff had failed to allege the violation of any constitutional right. The Court "specifically rejected the notion that defamation by a government actor that causes injury to professional reputation violates procedural due process." Cypress Ins., 144 F.3d at 1437. The Supreme Court wrote that
The facts alleged by Siegert cannot, in the light of our decision in Paul v. Davis, be held to state a claim for denial of a constitutional right ... The statements contained in the letter would undoubtedly damage the reputation of one in his position, and impair his future employment prospects. But the plaintiff in Paul v. Davis similarly alleged serious impairment of his future employment opportunities as well as other harm. Most defamation plaintiffs attempt *508 to show some sort of special damage and out-of-pocket loss which flows from the injury to their reputation. But so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not recoverable in a [section 1983] action.
Siegert, 500 U.S. at 233-34, 111 S.Ct. 1789.
As in Siegert, the defamatory statements in this case were made to the plaintiff's employer, the defense attorney who had hired Gervin. As in Siegert, the statements resulted in the plaintiff losing his employment. Finally, like the plaintiff in Siegert, Gervin claims that the offending statements have "impaired his ability to obtain employment." Therefore, we cannot distinguish Siegert, and hold that Gervin has failed to plead a violation of the right to due process of law. See Cypress Ins., 144 F.3d at 1436-38 (finding that there was no due process violation where the chief of staff of the Florida Department of Insurance allegedly made defamatory statements about a flood insurance reinsurer which caused its only customer to withdraw from the Florida insurance market).
To demonstrate the violation of a tangible interest under the "stigma-plus" test, Gervin has emphasized that, under Florida law, every person has a right to be called to court, be sworn in, and to testify, until disqualified to do so. Even assuming that such a "right" qualifies as a protectable interest, Judge Andrews has not altered a legal status by barring Gervin from testifying in a single case. Gervin remains a licensed neurosurgeon, qualified to testify in future proceedings, whether those proceedings are in Broward County or elsewhere.
"The focus of the inquiry must be on the loss of a protected right, not on the eventual loss of income as a consequence of the defamation." Junior v. Reed, 693 So.2d 586, 591 (Fla. 1st DCA 1997). Here, Dr. Gervin has not suffered the loss of a protected right because, as his counsel conceded at oral argument, Florida law did not require his presence at the hearing at which he was disqualified. "At best, [Dr. Gervin] established a temporary, partial loss of income that does not invoke the protection of the United States Constitution." Id.
Gervin relies heavily on Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1191 (8th Cir.1984), which stated that a judge's comments from the bench castigating the conduct of officers of a corporate defendant constituted an "infringement on the officers' liberty interests because it was a governmental attack on their good name, reputation, honor, and community standing." That case is no longer good law. To support the statement quoted above, Gardiner cites Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). The case "fails to reckon with the Supreme Court's reinterpretation of Constantineau in Paul v. Davis." Neu v. Corcoran, 869 F.2d 662, 670 n. 2 (2d Cir. 1989). Obviously, the case fails to confront the reaffirmation of Paul in Siegert.[2]
Gervin also cites to State ex rel. Brautigam v. Interim Report of Grand Jury, 93 So.2d 99 (Fla.1957). However, that case is of no help here. It concerns the power of a circuit court to suppress derogatory and defamatory portions of a grand jury report upon motion by an individual concerned in *509 the report. See § 905.28, Fla. Stat. (2001). The supreme court based its ruling on a body of law limiting the power of a grand jury to censure a person without presenting him for indictment. See Brautigam, 93 So.2d at 102-03. No similar line of cases provides a basis for the relief in this case.
To affirm the dismissal in this case is not to condone the language or procedure utilized by the trial judge in Popps v. Knispel. See Tampa Brass & Aluminum Corp. v. Am. Employers' Ins. Co., 709 So.2d 548, 549 (Fla. 2d DCA 1998).
AFFIRMED.
GUNTHER and STONE, JJ., concur.
NOTES
[1] Because the issue was not raised below, we do not consider the application of judicial immunity or its scope. See Kundrat v. Halloran, 145 F.Supp.2d 865, 869-70 (E.D.Mich. 2001) (holding that judicial immunity precludes an award of court costs or attorney's fees but not declaratory relief where plaintiff sought a declaration that his due process rights were violated and that a state statute was unconstitutional); Kampfer v. Scullin, 989 F.Supp. 194, 201 (N.D.N.Y.1997) (discussing the impact of the Federal Courts Improvement Act of 1996 on Pulliam v. Allen, 466 U.S. 522, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984)).
[2] Gervin also relies upon Little v. City of North Miami, 805 F.2d 962 (11th Cir.1986). Decided before Siegert, that case appears to have been disavowed by the eleventh circuit in Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1437 (11th Cir.1998). See Coakley v. Jaffe, 49 F.Supp.2d 615, 625 n. 8 (S.D.N.Y.1999).